UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PENELOPE S. GASQUET AND<br>JAMES F. GASQUET, JR. | CIVIL ACTION |
| VERSUS | NO. 06-5931 |
| LEXINGTON INSURANCE COMPANY | SECTION "N" (2) |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by plaintiffs Penelope S. Gasquet and James F. Gasquet (Rec. Doc. No. 7). This matter was removed from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, by defendant, Lexington Insurance Company ("Lexington"), on September 13, 2006. Lexington opposes plaintiffs' motion (Rec. Doc. No. 8).

The Court has reviewed the motion, along with the supporting and opposing memoranda. For the reasons stated herein, Plaintiffs' motion is **GRANTED**, and this matter is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

## I. BACKGROUND

Plaintiffs in this case are owners of a home located at 30915 Highway 11, Buras (Nairn), Louisiana. Lexington, an insurance company that lacks citizenship or a principal place of business in Louisiana, provided certain insurance coverages on that property. The parties are thus diverse. On or about August 29, 2005, plaintiffs' home, carport/garage, and personal property sustained substantial damage as a result of Hurricane Katrina. After the hurricane, plaintiffs made a claim for coverage of their loss with their homeowner's insurance carrier, Lexington. Plaintiffs contend that Lexington failed to properly adjust and pay the claim. As a

result, on August 10, 2006 plaintiffs filed suit against Lexington in the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, for breach of contract, damages, and statutory penalties under Louisiana Revised Statutes 22:658 and 22:1220. The petition included the following statement:

> Petitioner affirmatively renounces and waives petitioner's right to recover any damages, including statutory penalties and attorney's fees, but exclusive of judicial interest and costs, in these proceedings in excess of $75,000.

Petition at ¶ 15.

Lexington removed the case to this Court on or about September 13, 2006. Plaintiffs now seek remand to state court. Defendant opposes the motion and asserts that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332. While complete diversity is undisputed in this case, the parties disagree as to whether the amount in controversy exceeds $75,000, as required by § 1332.

## II. LAW AND ANALYSIS

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject

matter jurisdiction."  28 U.S.C.  §  1447 (c).

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.  *See Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."  *Id*.  (*citing St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1939)).  If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.  *Allen*, 63 F.3d at 1335.  "Thus, in the typical diversity case, the plaintiff is the master of his complaint."  *Id*.

In this case, however, plaintiffs filed their action in Louisiana state courts, and Louisiana law does not permit a party to plead a specific amount of money damages.  Where, as here, the petition does not include a specific monetary demand, the Fifth Circuit requires that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See Manguno*, 276 F.3d at 723 (*citing De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir.1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount."  *Id*.

If the defendant meets its burden in either of these ways,  the plaintiff, in order to defeat removal, must then show that it is legally certain that his recovery will be less than $75,000.  *See De Aguilar*, 47 F.3d at 1411-12.  Regarding how a plaintiff might go about showing that it is legally certain that he will recover damages in an amount less than the jurisdictional threshold, the Fifth Circuit stated that absent a statute limiting recovery, "[l]itigants who want to prevent removal must

file a binding stipulation or affidavit with their complaints." 47 F.3d at 1412. By way of explanation, the Court continued, stating:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id.* at 1412, n. 10.

Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. La. Code Civ. Porc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc*., 2003 WL 22533617 *3 (E.D. La. 2003); *Levith v. State Farm Fire and Cas. Co.,* 2006 WL 2947906 (E.D. La. 2006). In *Engstrom v. L-3 Communications Government Services, Inc*., 2004 WL 2984329 (E.D. La. 2004), this Court granted plaintiffs' motion to remand where the petition contained a paragraph whereby each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages ..., including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74, 999." The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law and held that this stipulation was sufficient to establish that plaintiffs could not recover more than the jurisdictional amount as a matter of law. *Id*.

In this case, Lexington has shown that plaintiffs' insurance policy has limits of liability well in excess of $75,000.[1] Plaintiffs assert that they are entitled to the full policy limits - $622,000 -

---

[1] According to plaintiffs' petition, the policy at issue has the following limits of liability: $345,000 (Coverage A-Dwelling); $34,500 (Coverage B-Other structures); $172,500

under the policy pursuant to Louisiana's Valued Policy Law, La. R.S. 22:695. Additionally, plaintiffs seek attorneys' fees and penalties under La. R.S. 22:1220 and La. R.S. 22:658. Accordingly, the Court finds that the defendant established by a preponderance of the evidence that the apparent amount in controversy might exceed $75,000.

As a result, the plaintiffs must establish with legal certainty that their claims are for less than $75,000. Like the plaintiffs in *Engstrom*, plaintiffs in this case inserted a paragraph in their petition "affirmatively renounc[ing] and waiv[ing] petitioner's right to recover any damages, including statutory penalties and attorney's fees, but exclusive of judicial interest and costs, in these proceedings in excess of $75,000." Petition at ¶ 15. Plaintiffs contend that the express waivers documented by the petition are binding stipulations and that the waiver language constitutes a judicial confession under Louisiana Civil Code article 1853, or what courts have "commonly termed a judicial admission or stipulation." *Harris v. Louisiana Paving Co., Inc*., 427 So.2d 1352, 1356 (La. App. 2 Cir. 1983).

The Court agrees with plaintiffs that the express waiver contained in the petition is a judicial confession, which is "indivisible" and which "may be revoked only on the ground of an error of fact." *See* La. Civ. Code art. 1853. Louisiana courts are bound to enforce a judicial confession made by an attorney on behalf of his client in a pleading, such as a petition, absent an error of fact or absent a showing that the party in whose favor the confession was made suffered no detrimental reliance. *See, e.g., C.T. Traina, Inc. v. Sunshine Plaza, Inc.*, 2003-1003 (La. 12/3/03), 861 So.2d 156 (holding that statement made by an attorney in an exception of no cause of action was a judicial confession and could not be revoked by an amended answer). *See also* La. Civ. Code art. 1853, cmt.

---

(Coverage C-Personal Property); and $70,000 (Coverage D-Loss of Use). *See* Petition at ¶ 2.

(b) ("a declaration made by a party's attorney ... has the same effect as one made by the party himself").

While Lexington is correct that plaintiffs' petition was not verified, an express waiver such as the one in plaintiffs' petition is regarded by Louisiana courts as a binding stipulation, which may only be revoked on the ground of an error of fact.  *See Harris v. Louisiana Paving Co., Inc.*, 427 So.2d 1352, 1356 (La. App. 2 Cir. 1983).  This Court finds it highly doubtful that any court would find that the waiver in plaintiffs' petition was based upon an error of fact.[2]  In so finding, the Court is guided by La. Code Civ. Proc. art. 863, which states with respect to the state court pleadings: "...the signature of an attorney ... shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information and belief formed after reasonable inquiry <u>it is well grounded in fact</u>; ... and that it is not interposed for any improper purpose..." (Emphasis added).

In the instant matter, plaintiffs have explicitly waived any claim for damages in excess of $75,000 by the language in their petition.  The Court is satisfied that this statement qualifies as the type of "binding stipulation" not subject to change in the future, to which the Fifth Circuit referred in *DeAguilar*.  *DeAguilar*, 47 F.3d at 1412, n. 10 (explaining that the "general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations").  Accordingly, the Court concludes that remand to state court is in order.

Plaintiffs have also moved the court to order payment of the reasonable attorney's fees, expenses, and costs associated with their filing of the Motion to Remand.  The Court, however,

---

[2] This ruling does not in any way prejudice defendant's right to seek removal if in the future, plaintiffs attempt to increase their damages demand.  In such case, removal would most likely be proper, even if such attempt came more than a year after commencement of plaintiffs' suit, based on equitable estoppel principles.  *See Hux v.General Motors Acceptance Corp.*, 1998 WL 34202916 at *3, (S.D.Miss.1998).

declines to make such an award as it is not obvious that the defendant's removal of this matter was legally improper. Given the controlling Fifth Circuit case law, plaintiffs indeed could have verified their petition, or filed with their petition a separate binding stipulation, such that removal could have been avoided at the outset.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

1. The Motion to Remand filed by plaintiffs Penelope S. Gasquet and James F. Gasquet, Jr. is **GRANTED**;

2. Plaintiffs' request for costs, expenses, and attorney's fees is **DENIED**; and

3. Pursuant to 28 U.S.C. § 1447 (c), this action is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this __30th__ day of November, 2006.

**Kurt D. Engelhardt**
**United States District Judge**